FILED

2011 Feb-08  PM 04:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

2011 FEB -7 P 4: 32

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| TACOA MINERALS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) CASE NUMBER | CV-11-J-0435-S |
| | ) | |
| THE NORTH RIVER INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 29 U.S.C. § 1441, Defendant The North River Insurance Company (hereinafter referred to as "North River"), files this Notice of Removal of the above-styled action in the United States District Court for the Northern District of Alabama, Southern Division. As grounds for this removal, North River states the following grounds:

1.     On January 3, 2011, the Plaintiff commenced a lawsuit in the Circuit Court of Shelby County, Alabama entitled _Tocoa Minerals, LLC v. North River Insurance Company_, Civil Action Number CV-2011-900001.00.  A true and correct copy of the Plaintiff's Complaint, and Amended Complaint, are attached hereto as Exhibit "1." Plaintiff's Complaint alleges a claim against North River for breach of contract.  _See_ Exhibit "1."

2.     A complete copy of all pleadings filed to date in the underlying litigation is attached as Exhibit "1"

3.      The Plaintiff is alleged to be resident citizen of Shelby County, Alabama. _See_ Exhibit "1." North River Insurance Company is a company organized and existing

under the laws of the State of New Jersey and has its principal place of business in Township of Morris, New Jersey.

4.     The controversy in this action is between the Plaintiff (citizen of the State of Alabama) and North River (citizen of the State of New Jersey). There has been no change in citizenship of any of the parties of this action since the filing of the Amended Complaint.

5.     Plaintiff's Amended Complaint alleges breach of an insurance contract. *See* Exhibit "1."

6.     In determining whether the requisite amount in controversy exists to support diversity jurisdiction, it is well settled that "the Defendant bears the burden, *albeit the light* burden, of showing that the required money is in controversy. To do so, Defendants must show only that it does not appear to a legal certainty that the claim is less than the jurisdictional amount." Locklear v. State Farm Mut. Auto Ins. Co., 742 F. Supp. 679, 680 (S.D. Ga. 1989) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938)). (emphasis added)

7.     It is clear that the Plaintiff's claims for damages will surpass the $75,000.00 jurisdictional minimum, exclusive of costs. *See* Exhibit "1," Complaint. The coverage amounts available to the Plaintiff under the insurance policy, under which it has made a claim, is in excess of $75,000.00. Furthermore, the Plaintiff seeks coverage for damages to a piece of machinery that had to be repaired.  To support its claim, the Plaintiff has submitted claimed losses in the amount of $459,654.00. *See* Exhibit "2." Based on the amount of the claim for which the Plaintiff is seeking reimbursement, the amount in controversy is met.

8.      Based upon this showing, the Defendant has fulfilled its "light burden […]

of showing that the required [jurisdictional] amount is in controversy" since the damages

sought clearly exceed $75,000.00. <u>Locklear</u>, 742 F. Supp. at 680 (citations omitted). It

does not "appear to a legal certainty" that the Plaintiff's claims are less than the

jurisdictional amount. <u>Id</u>.

9.      Based upon the foregoing, diversity of citizenship exists between the

parties and the amount in controversy exceeds $75,000.00; accordingly, pursuant to 28

U.S.C. §§ 1332 and 1446, as amended, this action is properly removed to this Court.

Respectfully submitted,

_____
Kenneth A. Dowdy, Esquire (DOWDK8221)
Attorney for Defendant
North River Insurance Company

OF COUNSEL:
HARE, CLEMENT & DUCK, P.C.
505 20th Street North
Suite 1010, Financial Center
Birmingham, Alabama 35203
Telephone:  (205) 322-3040
Facsimile:  (205) 322-5577
E-Mail:dowdy@harelaw.com

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following counsel of record by placing same in the U.S. Mail, postage pre-paid and properly addressed, on this the 7th day of February, 2010:

Roderick K. Nelson
Katherine L. Taylor
Alton B. Parker
Spain & Gillon, P.C.
2117 Second Avenue North
Birmingham, Alabama 35203

Mary H. Harris
Shelby County Circuit Clerk
Post Office Box 1810
Columbiana, Alabama 35051

OF COUNSEL

4



ELECTRONICALLY FILED
1/3/2011 4:58 PM
CV-2011-900001.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| TACOA MINERALS, LLC )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>NORTH RIVER INSURANCE COMPANY )<br>)<br>)<br>Defendants. ) | CIVIL ACTION NO. CV _____ |

---

### AMENDED COMPLAINT

---

### STATEMENT FACTS

1.      Plaintiff Tacoa Minerals, LLC, is a corporation organized under the laws of the state of Alabama with its offices located in Alabaster, Alabama.

2.      North River Insurance Company does business by agent in Shelby County, Alabama, and is subject to the jurisdiction of the Circuit Court of Shelby County, Alabama.

3.      At all times pertinent herein, the Plaintiff was insured by the Commercial Inland Marine insurance policies, policy numbers 3217418892 (effective 02/09/09-02/09/10) and 3217411674 (effective 02/09/08-02/09/09), or other appropriate policy number, that provided coverage for loss to property and lost business income.

4.      On or about September 21, 2008, Tacoa Minerals, LLC did in fact incur a loss to their property and consequently a loss of business income.

5.      The Defendant's policies that insured the Plaintiff provided that it would pay for loss to property and lost business income.



EXHIBIT

6.      The Plaintiff fulfilled all conditions precedent of the insurance contract.

7.      On or about August 11, 2010, Defendant issued a "Denial of Coverage" letter to Plaintiffs. (attached hereto as Exhibit "A").

8.      The Defendant has wrongfully failed to honor its obligations required by the insurance policy, including but not limited to payment for loss to covered property and payment for lost business income.

## COUNT I - BREACH OF CONTRACT

9.      Plaintiffs hereby adopt and incorporates paragraphs 1-8 above as if set forth fully herein.

10.     The Defendant has breached the contract and insurance policy by failing and refusing to pay for the loss to covered property and payment for lost business income.

11.     As a result of the breach of contract by the Defendant, the Plaintiff was caused to suffer the following injuries and damage:

    a)     Plaintiff has incurred the expense and loss of the covered property

    b)     Plaintiff has incurred the expense and loss of business income.

**WHEREFORE,** Plaintiff demands judgment against the Defendant for all sums Plaintiff may be entitled to under the pleadings and proof contained herein.


                                        Respectfully submitted,


                                        *Roderick K. Nelson*

                                        Roderick K. Nelson
                                        Katherine L. Taylor
                                        Alton B. Parker
                                        Attorney for Plaintiffs

2

OF COUNSEL:

SPAIN & GILLON, L.L.C.
The Zinszer Building
2117 Second Avenue North
Birmingham, Alabama 35203
Ph:     (205) 328-4100
Fax:    (205) 324-8866
klt@spain-gillon.com
rkn@spain-gillon.com

PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY

SERVE DEFENDANT BY CERTIFIED MAIL AT:

The North River Insurance Company
305 Madison Avenue
Morristown, NJ 07962-1973

3



ELECTRONICALLY FILED
1/3/2011 4:58 PM
CV-2011-900001.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

United States Fire Insurance Company
The North River Insurance Company
305 Madison Avenue
PO Box 1973
Morristown, NJ 07962-1973
(888) 890-1500
(973) 490-6600

August 11, 2010

Mr. Ray Parker
Tacoa Minerals, LLC
1669 Mission Hills Road
Alabaster, Alabama 35007

RE:   Insured:        Tacoa Minerals, LLC
      Date of Loss:   09/21/2008
      Policy No.:     3217418892 (02/09/09 – 02/09/10)
                      3217411674 (02/09/08 – 02/09/09)
      Claim No.:      BDU00448507 (Policy #3217418892)
                      BDU00471093 (Policy #3217411674)

DENIAL OF COVERAGE
SENT VIA REGULAR AND CERTIFIED MAIL

Dear Mr. Parker:

North River Insurance Company ("North River") has now concluded its investigation of the above-referenced claim which was submitted by Tacoa Minerals, LLC ("Tacoa"), relating to a September 24, 2008 damage to Tacoa's Highwall Miner.

Based on the results of the investigation, North River has determined that it has no obligation to reimburse Tacoa for the subject losses. North River issued Commercial Inland Marine policies 3217418892 (effective 02/09/09 – 02/09/10) and 3217411674 (effective 02/09/08 – 02/09/09), which provided coverage only in accordance with the policy terms, conditions and exclusions. It is our understanding that you are in possession of copies of the referenced insurance policies. If we are incorrect in this assumption, and you will so advise, we will provide you with additional copies.

The policies of insurance issued to Tacoa provide coverage for "loss" to Covered Property (scheduled contractors equipment) from any of the Covered Causes of Loss occurring during the applicable policy period. The policies do not provide coverage for losses to unscheduled property or caused by non-Covered Causes of Loss, or losses specifically excluded from coverage. The Business Income Coverage Form found in the subject polices provides that: "We will pay for the actual loss of Business Income you sustain due to the necessary 'suspension' of your 'operations' during the 'period of restoration.' "The loss or damage must be caused by or result from a Covered Cause of Loss." [Id.] Moreover, the policies contain Valuation and Coinsurance conditions that may restrict coverages or payments, as well as loss and Business Income loss deductibles.

The policies also require that the damage or loss occur during the applicable policy period, and that Tacoa report any losses to North River in a timely manner and cooperate in their investigation. Specifically, the Commercial Inland Marine policies issued by North River require Tacoa to "[g]ive [North River] prompt notice of the loss or damage," and "[a]s soon as possible, give [North River] a description of how, when and

where the loss or damage occurred." [Commercial Inland Marine Conditions, Loss Conditions, C. Duties in the Event of Loss; Business Income (and Extra Expense) Coverage Form, Loss Conditions, C. Duties in the Event of Loss]  The policies therefore anticipate and require that an insured give notice of a loss within a reasonable period of time after the insured becomes aware of the loss.  Based upon the information gathered during the investigation of the claim, Tacoa did not comply with these policy provisions.

Tacoa, through its insurance agent, tendered the Loss Notice (dated September 21, 2009) to North River on September 22, 2009.  The Loss Notice did not indicate the date of loss.  North River, through its independent agent, Engle Martin & Associates, Inc. ("Engle Martin") began an investigation of this loss on September 22, 2009.  After several requests, Engle Martin was able to secure documentation regarding the claimed losses at the end of February 2010.  Tacoa's February 4, 2010, memorandum report noted that the loss occurred on September 24, 2008, nearly one year prior to the time that Tacoa gave notice of the loss to North River.  Tacoa reported to Engle Martin that Tacoa's delay in reporting the loss was caused by Tacoa's former CFO, who failed to report the loss to North River following the loss.

This late notice of the loss constitutes a breach of the policies on Tacoa's part and relieves North River of its duty to pay the subject claim.  North River's coverage position in this matter is premised upon the presently known facts discovered during its investigation.  Since the loss was not reported to North River in a timely fashion, as required by the policies, North River will not be able to afford coverage to Tacoa for the subject losses.

North River expressly reserves the right to assert additional coverage defenses as this matter progresses.  Nothing contained herein shall waive any defenses available to North River or limit the applicability of any policy terms, conditions, limitations or exclusions referenced above or found in the applicable policies of insurance.  Please do not construe this letter or any act or failure to act on the part of North River and/or Crum & Forster or any agent or representative of North River and/or Crum & Forster as a waiver of any rights or defenses available to it by contract or law as all such rights and defenses are hereby specifically reserved now and in the future.  North River shall not be estopped from relying on any other policy provision or bases for limiting or denying coverage in this matter, including those based on law or public policy.

We regret we cannot be of assistance to Tacoa in this matter.  While North River is denying coverage under the above captioned policies at this time, we will consider any additional information that you wish to present.  Should you have new information that you believe we have not considered that may change any opinion that we have expressed in this letter, please feel free to forward it to us and we will give it prompt consideration.

Should you have any questions concerning our decision, please contact me.

Sincerely,

Joseph Price
Property Claims Manager
(973) 326-7767 (Direct)
(877) 622-6425 (Fax)
joseph_price@cfins.com

cc:   Mr. Matthew S. Kilgore, Senior Vice President
Harris Insurance, Inc.
Via Email



**AlaFile E-Notice**

58-CV-2011-900001.00

To:  NELSON RODERICK KIM
     rkn@spain-gillon.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

TACOA MINERALS, LLC v. NORTH RIVER INSURANCE COMPANY
58-CV-2011-900001.00

The following complaint was FILED on 1/3/2011 4:58:35 PM

Notice Date:  1/3/2011 4:58:35 PM

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>58-CV-201<br>Date of Filing:<br>01/03/2011 | ELECTRONICALLY FILED<br>1/3/2011 4:25 PM<br>CV-2011-900001.00<br>CIRCUIT COURT OF<br>SHELBY COUNTY, ALABAMA<br>MARY HARRIS, CLERK |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT OF SHELBY COUNTY, ALABAMA
### TACOA MINERALS, LLC v. NORTH RIVER INSURANCE COMPANY

**First Plaintiff:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☑ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING        A ☐ APPEAL FROM DISTRICT COURT        O ☐ OTHER

R ☐ REMANDED        T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ Yes   ☐ No

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   NEL004        1/3/2011 4:22:10 PM        /s RODERICK K. NELSON

**MEDIATION REQUESTED:**   ☐ Yes   ☑ No   ☐ Undecided

ELECTRONICALLY FILED
1/3/2011 4:25 PM
CV-2011-900001.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

TACOA MINERALS, LLC )
)
)
    **Plaintiffs,** )
)
v. )    **CIVIL ACTION NO. CV** _____
)
**NORTH RIVER INSURANCE COMPANY** )
)
)
    **Defendants.** )

---

## COMPLAINT

---

## STATEMENT FACTS

1.     Plaintiff Tacoa Minerals, LLC, is a corporation organized under the laws of the state of Alabama with its offices located in Alabaster, Alabama .

2.     North River Insurance Company does business by agent in Shelby County, Alabama, and is subject to the jurisdiction of the Circuit Court of Shelby County, Alabama.

3.     At all times pertinent herein, the Plaintiff was insured by the Commercial Inland Marine insurance policies, policy numbers 3217418892 (effective 02/09/09-02/09/10) and 3217411674 (effective 02/09/08-02/09/09), or other appropriate policy number, that provided coverage for loss to property and lost business income.

4.     On or about September 21, 2008, Tacoa Minerals, LLC did in fact incur a loss to their property and consequently a loss of business income.

5.     The Defendant's policies that insured the Plaintiff provided that it would pay for loss to property and lost business income.

6.    The Plaintiff fulfilled all conditions precedent of the insurance contract.

7.    On or about August 11, 2010, Defendant issued a "Denial of Coverage" letter to Plaintiffs. (attached hereto as Exhibit "A").

8.    The Defendant has wrongfully failed to honor its obligations required by the insurance policy, including but not limited to payment for loss to covered property and payment for lost business income.

## COUNT I - BREACH OF CONTRACT

9.    Plaintiffs hereby adopt and incorporates paragraphs 1-8 above as if set forth fully herein.

10.   The Defendant has breached the contract and insurance policy by failing and refusing to pay for the loss to covered property and payment for lost business income.

11.   As a result of the breach of contract by the Defendant, the Plaintiff was caused to suffer the following injuries and damage:

      a)    Plaintiff has incurred the expense and loss of the covered property

      b)    Plaintiff has incurred the expense and loss of business income.

      **WHEREFORE**, Plaintiff demands judgment against the Defendant for all sums Plaintiff may be entitled to under the pleadings and proof contained herein.

                              Respectfully submitted,


                              *Roderick K. Nelson*
                              Roderick K. Nelson
                              Katherine L. Taylor
                              Alton B. Parker
                              Attorney for Plaintiffs

2

**OF COUNSEL:**

**SPAIN & GILLON, L.L.C.**
The Zinszer Building
2117 Second Avenue North
Birmingham, Alabama 35203
Ph:    (205) 328-4100
Fax:    (205) 324-8866
klt@spain-gillon.com
rkn@spain-gillon.com

## PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY

## SERVE DEFENDANT BY CERTIFIED MAIL AT:

The North River Insurance Company
305 Madison Avenue
Morristown, NJ 07962-1973

3

ELECTRONICALLY FILED
1/3/2011 4:58 PM
CV-2011-900001.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK



United States Fire Insurance Company
The North River Insurance Company
305 Madison Avenue
PO Box 1973
Morristown, NJ 07962-1973
(888) 890-1500
(973) 490-6600

August 11, 2010

Mr. Ray Parker
Tacoa Minerals, LLC
1669 Mission Hills Road
Alabaster, Alabama 35007

RE:   Insured:        Tacoa Minerals, LLC
      Date of Loss:   09/21/2008
      Policy No.:     3217418892 (02/09/09 – 02/09/10)
                      3217411674 (02/09/08 – 02/09/09)
      Claim No.:      BDU00448507 (Policy #3217418892)
                      BDU00471093 (Policy #3217411674)

DENIAL OF COVERAGE
SENT VIA REGULAR AND CERTIFIED MAIL

Dear Mr. Parker:

   North River Insurance Company ("North River") has now concluded its investigation of the above-referenced claim which was submitted by Tacoa Minerals, LLC ("Tacoa"), relating to a September 24, 2008 damage to Tacoa's Highwall Miner.

   Based on the results of the investigation, North River has determined that it has no obligation to reimburse Tacoa for the subject losses. North River issued Commercial Inland Marine policies 3217418892 (effective 02/09/09 – 02/09/10) and 3217411674 (effective 02/09/08 – 02/09/09), which provided coverage only in accordance with the policy terms, conditions and exclusions. It is our understanding that you are in possession of copies of the referenced insurance policies. If we are incorrect in this assumption, and you will so advise, we will provide you with additional copies.

   The policies of insurance issued to Tacoa provide coverage for "loss" to Covered Property (scheduled contractors equipment) from any of the Covered Causes of Loss occurring during the applicable policy period. The policies do not provide coverage for losses to unscheduled property or caused by non-Covered Causes of Loss, or losses specifically excluded from coverage. The Business Income Coverage Form found in the subject polices provides that: "We will pay for the actual loss of Business Income you sustain due to the necessary 'suspension' of your 'operations' during the 'period of restoration.' "The loss or damage must be caused by or result from a Covered Cause of Loss." [Id.] Moreover, the policies contain Valuation and Coinsurance conditions that may restrict coverages or payments, as well as loss and Business Income loss deductibles.

   The policies also require that the damage or loss occur during the applicable policy period, and that Tacoa report any losses to North River in a timely manner and cooperate in their investigation. Specifically, the Commercial Inland Marine policies issued by North River require Tacoa to "[g]ive [North River] prompt notice of the loss or damage," and "[a]s soon as possible, give [North River] a description of how, when and

Property Claims toll-free fax (877) 622-6425
www.cfins.com

where the loss or damage occurred." [Commercial Inland Marine Conditions, Loss Conditions, C. Duties in the Event of Loss; Business Income (and Extra Expense) Coverage Form, Loss Conditions, C. Duties in the Event of Loss] The policies therefore anticipate and require that an insured give notice of a loss within a reasonable period of time after the insured becomes aware of the loss. Based upon the information gathered during the investigation of the claim, Tacoa did not comply with these policy provisions.

Tacoa, through its insurance agent, tendered the Loss Notice (dated September 21, 2009) to North River on September 22, 2009. The Loss Notice did not indicate the date of loss. North River, through its independent agent, Engle Martin & Associates, Inc. ("Engle Martin") began an investigation of this loss on September 22, 2009. After several requests, Engle Martin was able to secure documentation regarding the claimed losses at the end of February 2010. Tacoa's February 4, 2010, memorandum report noted that the loss occurred on September 24, 2008, nearly one year prior to the time that Tacoa gave notice of the loss to North River. Tacoa reported to Engle Martin that Tacoa's delay in reporting the loss was caused by Tacoa's former CFO, who failed to report the loss to North River following the loss.

This late notice of the loss constitutes a breach of the policies on Tacoa's part and relieves North River of its duty to pay the subject claim. North River's coverage position in this matter is premised upon the presently known facts discovered during its investigation. Since the loss was not reported to North River in a timely fashion, as required by the policies, North River will not be able to afford coverage to Tacoa for the subject losses.

North River expressly reserves the right to assert additional coverage defenses as this matter progresses. Nothing contained herein shall waive any defenses available to North River or limit the applicability of any policy terms, conditions, limitations or exclusions referenced above or found in the applicable policies of insurance. Please do not construe this letter or any act or failure to act on the part of North River and/or Crum & Forster or any agent or representative of North River and/or Crum & Forster as a waiver of any rights or defenses available to it by contract or law as all such rights and defenses are hereby specifically reserved now and in the future. North River shall not be estopped from relying on any other policy provision or bases for limiting or denying coverage in this matter, including those based on law or public policy.

We regret we cannot be of assistance to Tacoa in this matter. While North River is denying coverage under the above captioned policies at this time, we will consider any additional information that you wish to present. Should you have new information that you believe we have not considered that may change any opinion that we have expressed in this letter, please feel free to forward it to us and we will give it prompt consideration.

Should you have any questions concerning our decision, please contact me.

Sincerely,

Joseph Price
Property Claims Manager
(973) 326-7767 (Direct)
(877) 622-6425 (Fax)
joseph_price@cfins.com

cc:     Mr. Matthew S. Kilgore, Senior Vice President
        Harris Insurance, Inc.
        Via Email

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>58-CV-2011-900001.00 |
| --- | --- | --- |

### IN THE CIVIL COURT OF SHELBY, ALABAMA
### TACOA MINERALS, LLC v. NORTH RIVER INSURANCE COMPANY

**NOTICE TO**   NORTH RIVER INSURANCE COMPANY, 305 MADISON AVENUE, MORRISTOWN, NJ 07962

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY RODERICK K. NELSON

WHOSE ADDRESS IS 2117 SECOND AVENUE NORTH, BIRMINGHAM, AL 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   TACOA MINERALS, LLC
pursuant to the Alabama Rules of the Civil Procedure

| 1/3/2011 4:25:26 PM | /s MARY HARRIS | |
| --- | --- | --- |
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s RODERICK K. NELSON |
| --- | --- |
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____        _____
Date                Server's Signature



**AlaFile E-Notice**

58-CV-2011-900001.00

To:  RODERICK K. NELSON
     rkn@spain-gillon.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

TACOA MINERALS, LLC v. NORTH RIVER INSURANCE COMPANY
58-CV-2011-900001.00

The following complaint was FILED on 1/3/2011 4:58:35 PM

Notice Date:     1/3/2011 4:58:35 PM

**MARY HARRIS**
**CIRCUIT COURT CLERK**
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov



**AlaFile E-Notice**

58-CV-2011-900001.00

To: NORTH RIVER INSURANCE COMPANY (PRO SE)
305 MADISON AVENUE
MORRISTOWN, NJ 07962

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

**TACOA MINERALS, LLC v. NORTH RIVER INSURANCE COMPANY**
**58-CV-2011-900001.00**

The following complaint was FILED on 1/3/2011 4:58:35 PM

Notice Date:      1/3/2011 4:58:35 PM

**MARY HARRIS**
**CIRCUIT COURT CLERK**
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov



**AlaFile E-Notice**

58-CV-2011-900001.00

To: NELSON RODERICK KIM
rkn@spain-gillon.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

**TACOA MINERALS, LLC v. NORTH RIVER INSURANCE COMPANY**
**58-CV-2011-900001.00**

The following complaint was FILED on 1/3/2011 4:58:35 PM

Notice Date:     1/3/2011 4:58:35 PM

**MARY HARRIS**
**CIRCUIT COURT CLERK**
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
COLUMBIANA, AL 35051

205-669-3760
mary.harris@alacourt.gov

AVSO500

ALABAMA JUDICIAL DATA CENTER
IN THE CIRCUIT COURT OF SHELBY COUNTY


TACOA MINERALS, LLC V. NORTH RIVER INSURANCE COMPANY


NELSON RODERICK KIM
THE ZINSZER BUILDING
2117 2ND AVE N
BIRMINGHAM AL 35203

CASE NUMBER: CV 2011 900001 00
PARTY NUMBER:C001


ALL CERTIFIED MAIL ISSUED FROM OUR OFFICE MUST CARRY THE RESTRICTED
POSTAGE AMOUNT. PLEASE SUBMIT THE AMOUNT LISTED BELOW SO THAT YOUR
FILING MAY BE PROCESSED. YOU MAY SEND A POSTAGE STRIP OR YOU MAY
SUBMIT A CHECK MADE PAYABLE TO POSTMASTER. THANK YOU.

ADDITIONAL POSTAGE AMOUNT NEEDED: $4.50

PLEASE SEND A POSTAGE STRIP OR CHECK FOR THIS AMOUNT


ISSUED ON: 01/20/2011 CLERK: MARY H. HARRIS
P.O. BOX 1810
COLUMBIANA AL 35051
(205)669-3760

(01/20/2011) REC

| State of Alabama<br>Unified Judicial System<br><br>Form C-34 Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>58-CV-2011-900001.00 |
|---|---|---|

### IN THE CIVIL COURT OF SHELBY, ALABAMA
### TACOA MINERALS, LLC v. NORTH RIVER INSURANCE COMPANY

**NOTICE TO** NORTH RIVER INSURANCE COMPANY, 305 MADISON AVENUE, MORRISTOWN, NJ 07962

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY RODERICK K. NELSON

WHOSE ADDRESS IS 2117 SECOND AVENUE NORTH, BIRMINGHAM, AL 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of **TACOA MINERALS, LLC** pursuant to the Alabama Rules of the Civil Procedure

| 11/26/11<br>4/3/2011 4:26:28 PM | /s MARY HARRIS | ᜂ |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested

/s RODERICK K. NEL
Plaintiff's/Attorney's S

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and _____ in _____

_____ Date

_____ Server's Signature

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

# OFFICIAL USE

| Postage | $ |
|---|---|
| Certified Fee | |
| Return Receipt Fee<br>(Endorsement Required) | |
| Restricted Delivery Fee<br>(Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

DO01
CV-11-900001

Sent To North River Ins Co
Street, Apt No., or PO Box No. 305 Madison Ave
City, State, ZIP+4 Morristown, NJ 7962

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

| | |
|---|---|
| TACOA MINERALS, LLC, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CASE NUMBER: CV-2011-900001.00 |
| | ) |
| THE NORTH RIVER INSURANCE | ) |
| COMPANY, | ) |
| | ) |
|     Defendant. | ) |

## NOTICE OF FILING OF NOTICE REMOVAL

TO:    Mary H. Harris
        Shelby County Circuit Clerk
        Post Office Box 1810
        Columbiana, Alabama 35051

Pursuant to 28 U.S.C. Section 1441 *et seq.*, the defendant, The North River Insurance Company (hereinafter "North River"), hereby gives notice that it has filed a Notice of Removal in the United States District Court for the Northern District of Alabama, Southern Division, effecting the removal of the above-styled cause from the Circuit Court of Shelby County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division. A copy of the Notice of Removal is hereby filed with the Clerk of the Circuit Court of Shelby County, Alabama, by being attached hereto.

                                    Respectfully submitted,

                                      /s/ Kenneth A. Dowdy
                                      Kori L. Clement (DOW015)
                                      Attorney for Defendant
                                      The North River Insurance Company

OF COUNSEL:
HARE, CLEMENT & DUCK, P.C.
505 North 20th Street
Suite 1010, Financial Center
Birmingham, Alabama 35203
Telephone: (205) 322-3040
Facsimile:  (205) 322-5577
E-mail: clem@harelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of February, 2011, I electronically filed the foregoing with the Clerk of Court using the AlaFile or CM/ECF system, which will send notification of such filing to the following:

Roderick K. Nelson
Katherine L. Taylor
Alton B. Parker
Spain & Gillon, P.C.
2117 Second Avenue North
Birmingham, Alabama 35203

/S/ Kenneth A. Dowdy
OF COUNSEL

Matt:                                                                     Date: March 11,2010

     Attached is a summary sheet for Claim #BDU00448507, which you should already have on file, along with a quotation for repair parts for the high wall miner from Terex / Superior and copies of invoices from B&J Metal Fabricators,Inc.

Hopefully this will be adequate for the appraisers.

Will you please forward this information to the appropriate parties.

Many thanks,

Raymond F. Parker

EXHIBIT

2

| TACOA MINERALS,LLC | |
| --- | --- |
| SUPERIOR HIGHWALL MINER | |
| S/N 58-1000 | |
| Highwall Failure | |
| Claim # BDU00448507 | |
| | |
| **RECOVERY EQUIPMENT** | **PC 800** |
| PC 800 Excavator-100 hours @ $200/hr | 20000 |
| D375 Dozer-100 hours @ $150/hr | 15000 |
| HD465 Rock Truck-100 hours @ $115/hr | 11500 |
| HD465 Rock Truck-100 hours @ $115/hr | 11500 |
| SUB TOTAL | 58000 |
| | |
| **LABOR COST CALCULATION** | |
| Average base rate - $18.00/hr | |
| Base rate + burden - $25.20/hr | |
| Overtime rate - $37.80/hr | |
| Manhours @ $25.20 - 1600 | 40320 |
| Manhours @ $37.80 – 400 | 15120 |
| SUB TOTAL | 55440 |
| | |
| **REPAIR PARTS &LABOR-B&J Fabricators** | |
| Contract labor @ $60.00/hr – 305 | 18300 |
| Parts/Materials | 9286 |
| SUB TOTAL | **27586** |
| | |
| **PARTS REQUIRED FROM SUPERIOR** | |
| 7 Push Beams @ $24,500 | 117500 |
| 301ft Hose Chain @ $95.60/ft | 28776 |
| Hardware for Hose Chain | 999 |
| 350ft comm.cable @ $14.37/ft | 5030 |
| 2x350ft #1 Cutter Cable @ $21.5/ft | 15050 |
| 350ft Gathering Cable @ $10.06/ft | 3521 |
| 6x100ft Water Hose @ $307.44 each | 1845 |
| 12x50ft Hydraulic Hose @ $331.81 each | 3982 |
| SUB TOTAL | 176701 |
| | |
| **TRANSPORTATION/INSTALLATION** | |
| Push Beams @ $2700/load | 5400 |
| Cable assembly labor by supplier | 4000 |
| Cable assembly-permitted load | **4100** |
| Cable vulcanizing on site | 1500 |
| Installation all parts at site | 25000 |
| SUB TOTAL | **40000** |
| | |
| **LOSS OF USE** | |
| Monthly finance cost | 152891 |
| Daily cost $5096.36 | |
| Lost of use days 20 | |
| Loss of use cost | **101927** |
| | |
| TOTAL | 459654 |